Romano v Motor Veh. Acc. Indem. Corp. (2004 NY Slip Op 50592(U))

[*1]

Romano v Motor Veh. Acc. Indem. Corp.

2004 NY Slip Op 50592(U)

Decided on March 22, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 22, 2004

Supreme Court, Kings County
NICK ROMANO, Plaintiff,
against
MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION Defendant.
14896/03

Plaintiff: Dean G. Delianites, Esq., Lozner & Mastropietro, 1901 Emmons Ave. Suite 206, Brooklyn, NY 11235 718-615-0044. Defendant: Jon Martino, Esq., Law Offices of Kathleen Sweeney, 110 William Street, 19th floor, NY, NY 10038 646-205-7880

Francois A. Rivera, J.
Defendants move pursuant to CPLR §3211(a)(2) and §3211(a)(8) to dismiss plaintiff's summons and verified complaint based on plaintiff's failure to satisfy a condition precedent to commencing suit. Plaintiff opposes defendant's motion and seeks leave of the court to commence an action against defendant Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC) pursuant to Insurance Law § 5218.
Plaintiff's cause of action is to recover for personal injuries he allegedly suffered on July 4, 2000, while riding his bicycle at the intersection of Fourth Avenue and Sackett Street in Kings County. Plaintiff was allegedly struck and knocked down by an automobile that fled the scene. Plaintiff claims that police arrived at the scene, interviewed him and completed a written report of the incident. On July 20, 2000, plaintiff completed and submitted a Notice of Claim form to MVAIC setting forth, under oath, the particulars of the accident and his injuries, among other things. Plaintiff filled numerous details in the form including his Brooklyn residence, his lack of insurance coverage, and the fact that the police were notified on July 4, 2000. Plaintiff filed and served a Summons with Notice on April 22, 2003.
Defendant contends that plaintiff failed to comply with a condition precedent to commencing suit against MVAIC because the action was commenced without leave of the court.
Article 52 § 5208 (a)(1) provides, in pertinent part, that a qualified person having a cause of action due to bodily injury must file with MVAIC an affidavit of claim within 180 days of the accrual of a cause of action alleging certain enumerated facts.
Article 52 § 5218 (b) provides that the court may summarily make an order permitting the action against MVAIC when after a hearing it is satisfied that:

(1) the applicant has complied with the requirements of section five thousand two hundred eight of this article;
(2) the applicant is a qualified person;

(3) the injured or deceased person was not at the time of the accident operating an uninsured motor vehicle or operating a motor vehicle in violation of an order of suspension or revocation;
(4) the applicant has a cause of action against the operator or owner of the motor vehicle; [*2](5) all reasonable efforts have been made to ascertain the identity of the motor vehicle and of the owner and operator and either the identity of the motor vehicle and the owner and operator cannot be established, or the identity of the operator, who was operating the motor vehicle.
The legislature's purpose in establishing MVAIC was to afford injured parties the same protection they would have if the tortfeasor were covered by insurance. The legislature enacted theses statutory protections to benefit victims of uninsured accidents and should be liberally construed to serve rather than defeat those ends (Dixon v. MVAIC 56 Ad 2nd 650 at 651 [2nd Dept. 1971]) see also (Pomerico v. Elrac Inc. 1 Misc. 3rd 908 [N.Y. Civ. Ct. 2004]) .
It is undisputed that plaintiff claims he was injured by a hit and run driver while riding his bicycle at the intersection of Fourth Avenue and Sackett Street in Kings County. A review of the police accident report generated by this incident reveals that it was signed by Police Office Newell on the day of the incident. Plaintiff filed a Notice of Claim upon MVAIC on July 20, 2000, sixteen days after the hit and run accident. The affidavit within the Notice of Claim set forth his Brooklyn residence, the fact that he was riding a bicycle when he was struck by a hit and run driver, and his claim for personal injuries against this unknown driver.
Defendant contends that there are discrepancies between the date the plaintiff was actually injured and the date he reported that he was injured to the police. In support of this claim, defendant offers a FDNY Ambulance Call Report of the plaintiff showing an incident date of December 20, 2000. Defendant also relies on information imparted to counsel by an MVAIC investigator. This alleged information of the investigator was not offered in the pleadings as an affirmation or affidavit and is therefore disregarded as inadmissible hearsay. Plaintiff responded to this contention in his opposition papers. Defendant clearly has assumed that the FDNY report evidenced that the accident and injury suffered by plaintiff actually occurred on December 20, 2000. Defendant consequently assumes that plaintiff's claim that his accident occurred on July 4, 2000 is inaccurate or false. The court is satisfied from the pleadings and defendant's dearth of supporting evidence that the incident of December 20, 2000 is a distinct and separate occurrence wholly unrelated to the July 4, 2000 accident.
Plaintiff is a qualified person under Insurance Law §5208(a)(1). Based on his report to the police given the date of his accident, his filing of a Notice of Claim sixteen days later, and the allegations of fact within the affidavit filed with the MVAIC claim form, the court finds that plaintiff has complied with the condition precedent to commencing an action against MVAIC. The court further finds the identity of the driver is not reasonably ascertainable under the circumstances.
Defendant contends that plaintiff filed and served a Summons with Notice on April 22, 2003 before having leave of the court do so. Plaintiff does not dispute this contention but rather seeks leave of the court to commence the instant action. After oral argument on the motion and review of all pleadings and memoranda of law, the court, within its discretion, gives leave to plaintiff to commence the action against MVAIC nunc pro tunc (Smith v. Motor Vehicle Indemnification Corporation 299 AD 2nd 554 [2nd Dept. 2002]).
The foregoing constitutes the decision and order of the court.
[*3]
Dated: March 22, 2004
__________________________________x
 J.S.C.